# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| MENACHEM GUREVITCH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KEYCORP, CHRISTOPHER M. GORMAN, BETH E. MOONEY, CLARK H. I. KHAYAT, and DONALD R. KIMBLE,<br><br>Defendants. | Case No. 1:23-cv-01520-DCN<br><br>**RICHARD THOMPSON'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Richard Thompson ("Thompson") respectfully submits this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 18, 20). Thompson should be appointed as lead plaintiff and his selection of counsel should be approved because Thompson is adequate, typical of other class members, and has the largest financial interest of the competing movants.

## I. PRELIMINARY STATEMENT

Three individuals filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Thompson (Dkt. No. 19); Robert J. Titmas ("Titmas," Dkt. No. 18); and Thomas Marcotte ("Marcotte," Dkt. No. 20). Marcotte has since filed a notice informing the Court that he does not oppose Thompson's and Titmas's motions on the basis that Marcotte "does not have the 'largest financial interest' in this litigation." *See* Dkt. No. 21.

With respect to the lead plaintiff determination, the question presently before the Court is which of the two remaining movants is the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Thompson's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 19), Thompson has the largest financial interest in the relief sought by the class. Thompson's financial interest as measured by his last in, first out ("LIFO") loss,

considering only shares that were held at the time of a corrective disclosure, is $173,921.20. *See* Dkt. No. 19-3. As such, Thompson is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Thompson is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Thompson should be appointed as lead plaintiff, and his selection of counsel should be approved.[1]

## I. THOMPSON IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

Thompson satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Thompson filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 19; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Thompson satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 19 at 7-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Thompson has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

"The PSLRA does not specify which test should be used to determine which plaintiff has the 'largest financial interest in the relief sought by the class.'" *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 17-cv-1958, 2017 WL 6028213, at *2 (N.D. Ohio Dec. 5, 2017). As such, "[s]ome courts simply determine which potential lead plaintiff has suffered the greatest total losses, while other courts apply the *Lax* four factor test which examines (1) the number of shares purchased during the class period; (2) the number of net shares purchased during

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Id.*

To calculate losses, "District courts within this Circuit decidedly favor" the last in, first out (LIFO) method over the first in, first out (FIFO) method. *Plagens v. Deckard*, No. 20-cv-2744, 2021 WL 3284265, at *7 (N.D. Ohio Aug. 2, 2021). Some courts modify the LIFO calculation by only considering shares held at the time of a corrective disclosure. *See id.* at *7 ("Mr. Baron advocates a 'modified LIFO methodology' that the Second Circuit uses, which excludes losses from investments sold before a corrective disclosure is made."); *see also Peacock v. Dutch Bros, Inc.*, No. 23-cv-1794, 2023 WL 4976814, at *4 (S.D.N.Y. Aug. 3, 2023) ("[T]he LIFO methodology excludes losses incurred from 'in-and-out' transactions" which are when "a prospective lead plaintiff purchases and sells their holdings during the class period—that is, after the stock price was allegedly fraudulently inflated and before it dropped due to a corrective disclosure").

Here, Thompson has a larger financial interest than the competing movants as measured by every *Lax* factor, including loss: [2]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss | |
|---|---|---|---|---|---|
| | | | | Modified | Unmodified |
| Thompson | 83,900 | 19,000 | $350,324.86 | $173,921.20 | $145,556.96 |
| Titmas | 10,800 | 10,800 | $151,379.00 | $34,984.61 | $34,984.61 |
| Marcotte | 572 | 572 | $8,648.95 | $2,484.34 | $2,484.34 |

Accordingly, Thompson has the largest financial interest in the relief sought by the class. Since Thompson also satisfy the requirements of Rule 23, and filed a timely motion, Thompson is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[2] The values in the chart are calculated from the movants' loss analyses submitted with their lead plaintiff motions. *See* Dkt. Nos. 18-4, 19-3, 20-3.

## II. THE PRESUMPTION THAT THOMPSON IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Thompson would be inadequate or subject to unique defenses. Moreover, Thompson is not aware of any possible basis for such a contention. In fact, Thompson would be an ideal lead plaintiff. As explained in Thompson's motion papers, he has approximately 25 years of investing experience and previously owned a construction company. *See* Dkt. No. 19 at 9. As such, he is well-equipped to represent the class and should be appointed as lead plaintiff.

## III. THOMPSON'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Thompson has selected Glancy Prongay & Murray LLP to be lead counsel and Willis Spangler Starling to be liaison counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 19-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Thompson's selection of counsel, the Court will be assured that the class will receive the highest caliber of legal representation. Accordingly, Thompson's selection of counsel for the class should be approved.

## IV. CONCLUSION

For the foregoing reasons, Thompson respectfully requests that the Court enter an Order: (1) appointing Thompson as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead

Counsel for the class and Willis Spangler Starling as Liaison counsel for the class; and (3) denying

the competing motions.

Dated:  October 17, 2023               **WILLIS SPANGLER STARLING**

By: _Patrick Warner_
Patrick G. Warner (0064604)
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901
pwarner@willisattorneys.com

*Liaison Counsel for Richard Thompson and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

*Counsel for Richard Thompson and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

# CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 17, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Ohio, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2023, at Hilliard, Ohio.

*/s/ Patrick G. Warner*
Patrick G. Warner (0064604)