**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MENACHEM GUREVITCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KEYCORP, CHRISTOPHER M. GORMAN, BETH E. MOONEY, CLARK H. I. KHAYAT, and DONALD R. KIMBLE, <br><br> Defendants. | Civil Action No. 1:23-cv-01520-DCN |

**LEAD PLAINTIFF ROBERT J. TITMAS' OPPOSITION TO RICHARD THOMPSON'S MOTION FOR RECOSIDERATION OF THE COURT'S DECEMBER 26, 2023 OPINION AND ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL AND <u>TO STAY THE PROCEEDINGS</u>**

Court-appointed Lead Plaintiff Robert J. Titmas ("Mr. Titmas") respectfully submits this memorandum of law in response to Richard Thompson's ("Mr. Thompson") motion seeking reconsideration of this Court's Opinion and Order, (ECF No. 32) (the "Opinion") appointing Mr. Titmas as Lead Plaintiff in the above-captioned securities class action and approving the selection of Levi & Korsinsky, LLP as Lead Counsel and Cummins Law, LLC as Liaison Counsel for the Class and for a stay of these proceedings. ECF No. 36 (the "Reconsideration Motion").[1] As set forth below, the motion is without merit and should be denied.

## I. PRELIMINARY STATEMENT

On December 26, 2023, the Court entered the Opinion, appointing Mr. Titmas as lead plaintiff in the above-captioned action, finding that the "most adequate plaintiff" presumption in favor of Mr. Thompson "has been effectively rebutted by movant Titmas, and therefore finds that Robert J. Titmas who claims the second-most highest loss is the 'most adequate plaintiff' to serve as Lead Plaintiff in the Action." Opinion at 16-17. In reaching this conclusion, the Court properly and expressly followed the procedure set out in the PSLRA for appointing a lead plaintiff in securities actions, starting with the evaluation with Mr. Thompson, finding that he was not the "most adequate plaintiff", and moved on to the movant with the next largest loss, Mr. Titmas.

On January 5, 2024, Mr. Thompson moved for reconsideration of the Court's Opinion and Order pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which allows for relief from an order in instances of "mistake, inadvertence, surprise, or excusable neglect" and to stay the proceedings pending the resolution of the Reconsideration Motion. Fed. R. Civ. P. 60(b)(1). The crux of Mr. Thompson's Reconsideration Motion argues, without support, that the Court committed error by not giving effect to the "most adequate plaintiff" presumption of the PSLRA

---

[1] Unless otherwise specified, all defined terms and abbreviations are the same from those in Mr. Titmas' motion and supporting papers. *See* ECF Nos. 18-1, 22, 26.

for failing to "articulate evidence" proving that he is subject to a unique defense. Reconsideration Motion at 2-3. Mr. Thompson further argues that because the Court did not find him "inadequate", that he cannot be "incapable of adequately representing the class". Reconsideration Motion at 4. Just because Mr. Thompson does not agree with the Court's independent judgment that he is "atypical" and did not determine that he is "most capable of adequately representing the interests of the class" does not mean he gets "a second bite at the apple." *In re VimpelCom, Ltd.,* No. 1:15-cv-8672 (ALC), 2016 U.S. Dist. LEXIS 135050, at *3 (S.D.N.Y. Sep. 26, 2016). For the reasons set forth herein, Mr. Thompson's Reconsideration Motion should be denied in its entirety.

## II.     ARGUMENT

### A.     Standard For Filing a Motion For Reconsideration.

In the Sixth Circuit, motions for reconsideration are strongly disfavored and are appropriate in rare, very limited circumstances, as a high standard applies. *Lonardo v. Travelers Indem. Co.,* 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). "In the Northern District of Ohio, a court may grant a motion for reconsideration if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Estate of Rodriguez v. United States,* No. 13-01559, 2017 U.S. Dist. LEXIS 61752, at *2 (N.D. Ohio Apr. 24, 2017); *Cequent Trailer Prods. v. Intradin (Shanghai) Mach. Co., Ltd.*, No. 1:05-CV-2566, 2007 U.S. Dist. LEXIS 33393, at *5 (N.D. Ohio May 7, 2007) ("A court may grant such a motion upon a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."). "The term 'clear error' is not well-defined in the Sixth Circuit, but it does 'clearly indicate[] that a high standard applies.'" *Forman v. Meridian Bioscience, Inc.,* 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (quoting *Lonardo*, 706 F. Supp. 2d at 809).

**B.** **It Is Not Error that the Court Independently Determined Mr. Thompson Was Atypical and Subject to Unique Defenses that Would Potentially Distract the Litigation.**

In this instance, Mr. Thompson does not argue that there has been an intervening change in controlling law, or that new evidence has come to light. Rather, Mr. Thompson argues that the Court committed error by appointing Mr. Titmas as lead plaintiff over him, by not giving effect to the most adequate plaintiff presumption afforded by the PSLRA, and comparing Mr. Thompson and Mr. Titmas. *See* Reconsideration Motion at 2-7. However, Mr. Thompson is incorrect as the Court correctly followed the procedures laid out by the PSLRA to appoint a lead plaintiff for the Action. *See* Opinion at 12 ("At the outset, and because he has put forward evidence of having the largest financial losses, the Court examines the PSLRA standards initially under a "presumption" that Movant Thompson is the "most adequate plaintiff" and then considers whether Movant Titmas has rebutted that "presumption" to show that he is "most adequate" to serve as lead plaintiff.").

The Court carefully considered, and rejected, the precise arguments that Mr. Thompson rehashes in his reconsideration motion now. Specifically, Mr. Thompson maintains on reconsideration the Court erred in finding that he was subject to unique defenses concerning his typicality based on his engagement of in-and-out trading during the Class Period, once again arguing that his trading pattern is not "unique" or "atypical". Reconsideration Motion at 4 ("the Opinion points to no evidence that Thompson's trading pattern is, in fact, atypical…. [T]here are presumably thousands of class members who purchased and sold their shares during the class period, some for losses, some for gains—many of which may have done so far more times than Thompson. Such a defense based on this trading would also therefore not be "unique" to Thompson.").

Regardless of Mr. Thompson's disagreement with the Court that his trading pattern is not atypical, nor unique, and would not be a distraction, "[t]he threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be the product of the Court's independent judgment" and is not a reason to file a motion for reconsideration, nor evidence of clear error by the Court. Opinion at 14. Contrary to Mr. Thompson's belief, his atypical trading pattern, consisting of multiple in-and-out purchases, is a potential distraction when the existence of a unique, atypical trading pattern is the distraction in itself, and has been found so by numerous Courts before. Importantly, the Court did give effect to the presumption, and did articulate evidence proving that Mr. Thompson is "***subject*** to a unique defense that renders [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb):

> At the outset, and because he has put forward evidence of having the largest financial losses, the Court examines the PSLRA standards initially under a "presumption" that Movant Thompson is the "most adequate plaintiff" and then considers whether Movant Titmas has rebutted that "presumption" to show that he is "most adequate" to serve as lead plaintiff.

>     *                 *                 *

> Mr. Thompson purchased thousands of shares and entirely exited his position *10 separate times* during the Class Period. Out of those 10 separate exits, 9 of them resulted in Mr. Thompson selling his shares for a profit that he then excluded from his loss analysis….In response, Movant Thompson does not deny that he did in fact entirely exit his position in KeyCorp stock on many occasions during the proposed class period (and as indicated in the chart included as part of his motion), but he denies being subject to disqualification as a "most adequate plaintiff" because of "in-and-out" trading because he had purchased some shares during the class period that he held at the time of each corrective disclosure.

>     *                 *                 *

> This Court finds that the ***possibility*** of unique defenses as to, at least portions of, Movant Thompson's trading history in KeyCorp stock, as well as the ***potential distractions that litigation over his trading history (even if not successful) might cause, work to rebut the presumption that Movant Thompson is the "most***

4

*adequate plaintiff,…* The Court tends to agree with the consideration expressed by the court in *Rodriguez* that it is not the predicted ultimate *success* of distracting, or even claim destroying, defenses that rebuts the presumption that the movant claiming the highest loss is the "most adequate plaintiff," but rather the foreseeable *possibility* of it[.]

Opinion at 12, 13, 15. Simply put, the Court correctly determined that Mr. Thompson was ***not*** "most capable of adequately representing the interests of the class members" due to his trading because it would risk an unneeded distraction to the litigation. 15 U.S.C. § 78u-4(a)(3)(B); Opinion at 7, 15. Thus, contrary to Mr. Thompson's arguments (Reconsideration Motion at 7), the Court ***first*** determined that there was a possibility of unique defenses to portions of Mr. Thompson's trades, and that could cause distractions to the litigation, which worked to rebut the presumption. The mention of Mr. Titmas not being subject to any of these same distractions as Mr. Thompson was merely to support the finding of Mr. Titmas being both typical and adequate, ***after*** finding Mr. Thompson atypical.

### C.    A Stay is Not Warranted

In deciding whether to grant a stay, courts consider "(1) likelihood of success on the merits of the appeal; (2) likelihood that the moving party will experience irreparable harm absent a stay; (3) the potential harm to third parties if the court grants the stay; and (4) the public interest in granting the stay." *United States v. Moore,* No. 1:23-cr-47, 2023 U.S. Dist. LEXIS 227574, at *4 (S.D. Ohio Dec. 21, 2023) (citing *Family Tr. Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n,* 388 F.3d 224, 227 (6th Cir. 2004)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

Mr. Thompson has not set forth the factors this Court must consider in granting a stay, let alone establishing that they are met here. Rather, he requests that the Court grant a stay simply

because the Reconsideration Motion "may cause Thompson to become the lead plaintiff and take leadership of this action". Reconsideration Motion at 1. Accordingly, the request for a stay should be denied.

## III.    CONCLUSION

For all the foregoing reasons, Mr. Titmas respectfully requests that the Court deny Mr. Thompson's motion for reconsideration and a stay of the proceedings.

DATED: January 19, 2024

**CUMMINS LAW LLC**

/s/ *James R. Cummins*
James R. Cummins (0000861)
312 Walnut Street, Suite 1530
Cincinnati, Ohio 45202
Tel: 513.721.9000
Fax: 513.721.9001
jcummins@cumminslaw.us

*Liaison Counsel for Lead Plaintiff Mr.
Titmas and Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Lead Plaintiff Mr. Titmas
and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

/s/ *James R. Cummins*
James R. Cummins