**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MENACHEM GUREVITCH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KEYCORP, CHRISTOPHER M. GORMAN, BETH E. MOONEY, CLARK H. I. KHAYAT, and DONALD R. KIMBLE, <br><br> Defendants. | Case No. 1:23-cv-01520-DCN <br><br> **REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF MOVANT RICHARD THOMPSON'S MOTION FOR RECONSIDERATION OF THE COURT'S OPINION AND ORDER DATED DECEMBER 26, 2023 (DKT. NOS. 32, 33); AND FOR A STAY OF PROCEEDINGS PENDING RESOLUTION OF THIS MOTION** |

Lead Plaintiff Movant Thompson submits this reply memorandum of law in response to Titmas' opposition (Dkt. No. 38, "Titmas Opp.") to the Motion for Reconsideration.[1]

While Titmas submitted a brief titled an "opposition," it does not actually oppose Thompson's motion because Titmas effectively concedes every material contention therein. As such, and for the reasons set out in Thompson's opening papers and as set out below, Thompson respectfully requests that the Court grant his Motion for Reconsideration, vacate the Opinion and Order, appoint Thompson as lead plaintiff, and approve Thompson's selection of Glancy Prongay & Murray LLP as lead counsel and Willis Spangler Starling as liaison counsel for the class.

## I. TITMAS CONCEDES THAT THOMPSON IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF

The Opinion correctly concludes that Thompson is entitled to the presumption that he is the "most adequate plaintiff" to be appointed as lead plaintiff under the PSLRA. *See* Opinion at 6-12. As part of this finding, the Opinion noted that Thompson purchased and held 19,000 shares through the end of the class period whereas Titmas held only 10,800 shares through the end of the class period. *See* Opinion at 10. Titmas does not contest these findings in his opposition.

## II. TITMAS EFFECTIVELY CONCEDES THAT THE OPINION DID NOT ARTICULATE HOW THOMPSON'S TRADING RENDERS HIM ATYPICAL

To rebut the presumption that Thompson is the most adequate plaintiff, the "competing movants must point to evidence of inadequacy" and the district court "must articulate how the evidence proves inadequacy." *In re Mersho*, 6 F.4th 891, 901-902 (9th Cir. 2021); *see also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002). Titmas does not contest that this is the standard imposed by the PSLRA. Yet, Titmas fails to identify any passage in the Opinion that articulates

---

[1] Capitalized terms herein shall have the same definitions as in Thompson's motion for reconsideration (Dkt. No. 36, the "Motion for Reconsideration").

how Thompson's trading ***proves*** he is inadequate or atypical—which is unsurprising since there are none. *See* Titmas Opp. at 3-5.

Instead, the Opinion, as quoted at length by Titmas, moves directly from the fact that Thompson purchased and sold shares 10 times early in the class period to the conclusion that Thompson is atypical and subject to unique defenses. *See* Titmas Opp. at 4-5. Titmas likewise does not articulate how Thompson's trading renders him atypical. Instead, Titmas dismissively states "[t]he Court carefully considered, and rejected, the precise arguments that Mr. Thompson rehashes in his reconsideration motion now." Titmas Opp. at 3. However, merely rejecting Thompson's arguments that he is typical is not equivalent to articulating how Thompson is atypical, which is what is required under the PSLRA.[2] In fact, the evidence here strongly suggests Thompson is typical. There are likely thousands of class members who purchased and sold shares during the class period, many of which may have done so more than Thompson. And Thompson's claims "need not be identical" to all investors' for him to be typical. *Iron Workers Loc. Union No. 17 Ins. Fund & its Trustees v. Philip Morris Inc.*, 182 F.R.D. 523, 537 (N.D. Ohio 1998).

While courts often rely on movants' short-selling or day trading to rebut the PSLRA presumption (as found in many cases cited in the Opinion), Thompson did not engage in this conduct, as Titmas concedes. *See, e.g.*, *Rodriguez v. Draftkings, Inc.*, No. 21-cv-5739, 2021 WL 5282006, at *10-*11 (S.D.N.Y Nov. 12, 2021). Moreover, the *Draftkings* court, cited extensively in the Opinion, rejected the notion that in and out trading is, alone, disqualifying. *See Draftkings*,

---

[2] While Titmas correctly notes that "whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be the product of the Court's independent judgment," (Titmas Opp. at 4), the PSLRA presumption cannot be set aside "for any reason that the court may deem sufficient." *Cavanaugh*, 306 F.3d at 729 n.2.

2021 WL 5282006, at *10 ("fully exit[ing]" ones stock position multiple times during the class period "is not . . . alone dispositive of . . . inadequacy").

In sum, the Opinion did not articulate how Thompson's trading proves he is atypical. Accordingly, the presumption that Thompson is the most adequate plaintiff has not been rebutted.

## III. THE OPINION ENGAGED IN STATUTORILY PROHIBITED COMPARATIVE ANALYSIS OF THE MOVANTS

Titmas does not contest that the PSLRA forbids any comparative analysis of the competing movants' respective typicality or adequacy. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job.") (brackets omitted); *Cavanaugh*, 306 F.3d at 732. Yet, the Opinion held that the PSLRA presumption as to Thompson was rebutted "in light of the fact that Movant Titmas' claims are subject to none of these distracting factors." Opinion at 15.

Faced with this reality, Titmas argues, that the Opinion did not actually engage in a comparative analysis of the movants' relative typicality because "[t]he mention of Mr. Titmas not being subject to any of these same distractions as Mr. Thompson was merely to support the finding of Mr. Titmas being both typical and adequate, after finding Mr. Thompson atypical." Titmas Opp at 5. This is contradicted by the fact that the Opinion found the presumption rebutted "in light of" Titmas' typicality—which implies Titmas' apparent typicality informed the Opinion's finding regarding Thompson's typicality. Moreover, given the lack of an articulated connection between Thompson's trading and proof that he is atypical, it appears that Titmas' typicality, relative to Thompson's, is motivating the Opinion's finding that Thompson is atypical. This is prohibited by the PSLRA.

If full effect is given to the PSLRA presumption and the Court does not engage in a comparative analysis of the two movants, the presumption that Thompson is the most adequate plaintiff is not rebutted.

## IV. CONCLUSION

For the foregoing reasons, Thompson respectfully requests that the Court enter an Order (1) staying all other proceedings in this action pending the resolution of this motion;[3] (2) vacating the Opinion and Order dated December 26, 2023; (3) appointing Thompson as lead plaintiff; (4) approving Thompson's selection of Glancy Prongay & Murray LLP as lead counsel and Willis Spangler Starling as liaison counsel for the class; and (5) granting such other relief as the Court may deem just and proper.

Dated: January 26, 2024

**WILLIS SPANGLER STARLING**

By:  */s/ Patrick G. Warner*
Patrick G. Warner (0064604)
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901
pwarner@willisattorneys.com

*Liaison Counsel for Richard Thompson and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

---

[3] The amended complaint in this action is due February 26, 2024. *See* Dkt. Nos. 35, 37. The purpose of the stay is to avoid any potential unnecessary work by Titmas' counsel, and to allow Thompson to confer with Defendants and submit a revised schedule should he be appointed as lead plaintiff.

*Counsel for Richard Thompson and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 26, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Ohio, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2024, at Hilliard, Ohio.

*/s/ Patrick G. Warner*
Patrick G. Warner (0064604)