IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MENACHEM GUREVITCH, Individually and on Behalf of All Others Similarly Situated, | ) CASE NO. 1:23 CV 01520 ) ) JUDGE DONALD C. NUGENT |
| Plaintiff, | ) ) **MEMORANDUM OF OPINION** |
| v. | ) **AND ORDER REGARDING** ) **MOTION FOR RECONSIDERATION** |
| KEYCORP, et al., | ) **AND STAY OF THE COURT'S** ) **ORDER APPOINTING LEAD** |
| Defendants. | ) **PLAINTIFF AND LEAD COUNSEL** |

This matter is before the Court on *Lead Plaintiff Movant Richard Thompson's Motion for Reconsideration of the Court's Opinion and Order Dated December 26, 2023 (Dkt. Nos. 32,33); and for a Stay of Proceedings Pending Resolution of this Motion* (ECF #36) ("*Motion for Reconsideration and Stay*"), filed on January 5, 2024, in connection with the Court's *Memorandum of Opinion* (ECF #32) and *Order* (ECF #33) appointing Robert J. Titmas as lead plaintiff in this proposed class action case, and approval of the law firm of Levi & Korsinsky, LLP as lead counsel and the law firm of Cummins Law LLC as liaison counsel.

On January 19, 2024, appointed lead plaintiff Robert J. Titmas filed an opposition to the motion for reconsideration (ECF #38). On January 26, 2024, movant Richard Thompson filed a reply (ECF #40).

The motion is now fully briefed and ready for ruling by the Court.

The *Motion for Reconsideration and Stay* is DENIED.

As noted in the Court's earlier *Memorandum of Opinion* (ECF #32), after the filing of competing motions for appointment as lead plaintiff and for approval of the selection of lead counsel and liaison counsel in early October 2023 (ECF#18/Titmas & ECF #19/Thompson), the Court then heard oral argument in open court on November 28, 2023, on the competing motions. (*See* ECF #24, *Order of 10/23/2023* & ECF #31, *Minutes of Proceedings 11/28/2023*). After considering the pleadings and evidence cited in the written papers, and hearing the arguments of counsel, on December 26, 2023, the Court issued its *Memorandum of Opinion* (ECF #32) and *Order* (ECF #33) appointing Robert J. Titmas as lead plaintiff, and approving Levi & Korsinsky, LLP as lead counsel and Cummins Law LLC as liaison counsel.

The *Motion for Reconsideration and Stay* (ECF #36) effectively adopts the position that once the movant with the highest claimed losses has been identified as the "presumptive" lead plaintiff, the Court must also find that the "presumptive" lead plaintiff is the "most adequate" plaintiff absent overwhelming, conclusive, and final unassailable proof that the "presumptive" lead plaintiff cannot under *any* circumstances "adequately protect the interests of the [proposed] class" as required under Federal Rule of Civil Procedure 23(a)(4). In support, movant Thompson cites a decision of the U.S. Court of Appeals for the Ninth Circuit, *Mersho v. United States District Court*, 6 F.4th 891 (9th Cir. 2021), vacating a district court's decision not to appoint a "group plaintiff" candidate formed among a number of investors for the purposes of the litigation as lead plaintiff based on the district court's doubts about the group's "cohesion and ability to control counsel." *Mersho*, 6 F.4th at 900. The decision makes no mention of the lower court having considered any other evidence to determine "typicality" or "adequacy" under Federal Rule of Civil Procedure 23(a)(3) or (4).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court considers the following factors in making its decision on the selection of lead plaintiff and approval of lead counsel in a PSLRA action:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under [the Exchange Act] is the person or group of persons that --
>
> > (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; *and*
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(emphasis supplied).

Thus, the PSLRA contemplates that the Court will engage in meaningful consideration of both highest claimed loss *and* the Rule 23 requirements of typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)

The threshold determination of whether the movant with the largest financial losses, in effect, the initial "presumptive" lead plaintiff, also satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a) should be the product of the Court's independent judgment. *Sklar v. Amarin Corp. PLC*, No. 13-CV-06663, 2014 U.S. Dist. LEXIS 103051 at *20-21, 2014 WL 3748248 at *6 (D.N.J. July 29, 2014); citing *In re Cendant Corp. Litig*, 264 F.3d 201, 263-64 (3d Cir. 2001).

After considering the written pleadings and the evidence identified therein, followed by the arguments of counsel in open court, the Court determined that movant Thompson did not satisfy the role of "most adequate plaintiff" under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1), and that

-3-

movant Titmas rebutted the "presumption" that the movant with the highest claimed losses should be appointed. (ECF #32) ("This Court finds that the possibility of unique defenses as to, at least portions of, Movant Thompson's trading history in KeyCorp stock, as well as the potential distractions that litigation over his trading history (even if not successful) might cause, work to rebut the presumption that Movant Thompson is the "most adequate plaintiff"). Accordingly, the Court appointed the next (and only other) movant with the second-most claimed losses, Robert J. Titmas, as lead plaintiff in this proposed class action case and approved the law firm of Levi & Korsinsky, LLP as lead counsel and the law firm of Cummins Law LLC as liaison counsel.

This finding was articulated within the Court's discussion of the Rule 23(a) requirement of "typicality" under Federal Rule of Civil Procedure 23(a)(3), which preceded its later discussion of the Rule 23(a)(4) requirement of "adequacy"; but, as is obvious from the placement of the term "most adequate plaintiff" at the very beginning of the text of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1), predicate to, and overarching, the later subsection of the statute relating to examination of the Rule 23(a) factors of "typicality" and "adequacy," it is clear that the "adequacy" of the "most adequate plaintiff" finding ultimately to be determined by the Court encompasses *both* the typicality and adequacy factors of Rule 23(a). Movant Thompson's quarrel with the Court's decision appears, at least partially, motivated by the fact that the Court expressed its findings on Thompson's "inadequacy" as a lead plaintiff in the "typicality" discussion of its opinion rather than in the Rule 23(a) "adequacy" discussion.

In the Sixth Circuit, motions for reconsideration are strongly disfavored and are appropriate in rare, very limited, circumstances, as a high standard applies. *See Lonardo v.*

*Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010). "In the Northern District of Ohio, a court may grant a motion for reconsideration if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Estate of Rodriguez v. United States*, No. 13-01559, 2017 U.S. Dist. LEXIS 61752, at *2 (N.D. Ohio Apr. 24, 2017); *Cequent Trailer Prods. v. Intradin (Shanghai) Mach. Co., Ltd.*, No. 1:05-CV-2566, 2007 U.S. Dist. LEXIS 33393, at *5 (N.D. Ohio May 7, 2007) (same). "The term 'clear error' is not well-defined in the Sixth Circuit, but it does 'clearly indicate[] that a high standard applies.'" *Forman v. Meridian Bioscience, Inc.*, 387 F. Supp. 3d 791, 796 (S.D. Ohio 2019) (quoting *Lonardo*, 706 F. Supp. 2d at 809).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Schaffer v. Horizon Pharma PLC*, No. 16-CV-1763, 2016 U.S. Dist. LEXIS 83175, at *3-*4 (emphasis supplied, insert and omission in original); *see also In re VimpelCom, Ltd.*, No. 1:15-cv-8672, 2016 U.S. Dist. LEXIS 135050 (S.D.N.Y. Sept. 26, 2016) ("Parties should not regard such a motion as an opportunity to take a second bite of the apple," stated in the context of a motion for reconsideration of the selection of lead plaintiff and counsel in a securities class action case).

Contrary to the assertions implied in movant Thompson's motion for reconsideration, seeking a strident application of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1) to make the initial "presumption" that the movant with the most claimed losses should be named lead plaintiff an

-5-

essentially unrebuttable one, "courts fulfill a gatekeeping function in class action litigation," and "the Court may have some discretion as gatekeeper in securities class actions." *Schaffer*, 2016 U.S. Dist. LEXIS 83175, at *4 (internal quotation marks omitted); *see also* FED. R. CIV. P. 23(d) (granting broad discretion to district courts to "make appropriate orders" in order to facilitate management of class actions); *In re Versata, Inc., Sec. Litig.*, No. C 01-1439, 2001 U.S. Dist. LEXIS 24270, at *3 (N.D. Cal. Aug. 20, 2001) ("Although the procedures contemplated by the PSLRA are well defined, district courts have not followed them invariably, especially when doing so would fail the court's ultimate obligation to appoint as lead plaintiff the member or members of the purported plaintiff class who are most capable of representing the interests of the class members").

Nor is movant Thompson's apparent contention that the Court must find overwhelming, conclusive, and *final* proof that the "presumptive" lead plaintiff fails the typicality and adequacy requirements before the "presumption" of "most adequate plaintiff" is rebutted an accurate one. "The PSLRA does not specify the standard of proof required to rebut the presumption in favor of the lead plaintiff with the largest financial interest." *Schaffer*, 2016 U.S. Dist. LEXIS 83175, at *6. "In fact, due to the lack of clear statutory text or controlling precedent from appellate courts, the rebuttal standard, including the precise meaning of the word 'proof,' is not firmly established. Several courts, including this [c]ourt, . . . have treated 'proof' as synonymous with 'evidence.'" *Id.* at *6-*7. "Moreover, the statute's text reveals that the 'proof' relates to whether a particular lead plaintiff '*will* not' do its job adequately – meaning it is necessarily predictive and probabilistic. [Movant for reconsideration] appears to believe that courts must make definitive conclusions about what 'will' (or, more accurately, will not) happen in the future. But courts –

-6-

being human, not divine institutions – can assess the likelihood of future events (that is, assess risk) only based on the evidence available at present. *Id*. at *9-*10.

After considering both the written and oral evidence presented, the Court found "that the possibility of unique defenses as to, at least portions of, Movant Thompson's trading history in KeyCorp stock, as well as the potential distractions that litigation over his trading history (even if not successful) might cause, work to rebut the presumption that Movant Thompson is the "most adequate plaintiff." (ECF #32, *Memorandum of Opinion*, p. 15, PageID #443). After now reviewing and considering the Court's prior *Memorandum of Opinion* (ECF #32) and *Order* (ECF #33), and the briefing on movant Thompson's *Motion for Reconsideration* (ECF #36), lead plaintiff Robert Titmas' opposition (ECF #38), and movant Thompson's reply (ECF #40), the Courts finds that reconsideration of its *Memorandum of Opinion* and *Order* is not warranted.

Accordingly, *Lead Plaintiff Movant Richard Thompson's Motion for Reconsideration of the Court's Opinion and Order Dated December 26, 2023 (Dkt. Nos. 32,33); and for a Stay of Proceedings Pending Resolution of this Motion* (ECF #36), is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 29, 2024